IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ALLYSON J. PELESKY,

    Plaintiff,

        v.

RIVERS CASINO AND HOLDINGS
ACQUISITION CO L.P. *a joint venture
Walton Street Capital, L.L.C. and High Pitt
Gaming, L.P.*,

    Defendant.

14cv1542
**ELECTRONICALLY FILED**

## MEMORANDUM OPINION

Presently before the Court is Defendant's 12(b)(6) Motion to Dismiss Plaintiff's Complaint alleging that Defendant, her employer, violated Title VII of the Civil Rights Act and the PHRA. Specifically, Plaintiff's Complaint alleges that Defendant is liable for sexual harassment by creating/enabling a hostile work environment, in part, by not complying with its own sexual harassment policy.

**I. Standard of Review**

In considering a Rule 12(b)(6) motion, Federal Courts require notice pleading, as opposed to the heightened standard of fact pleading. Fed. R. Civ. P. 8(a)(2) requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds on which it rests.'" *Bell Atlantic Corp. v. Twombly,* 550 U.S. 554, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Building upon the landmark United States Supreme Court decisions in *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the United States Court of Appeals for the Third Circuit explained that a District Court must undertake the following three steps to determine the sufficiency of a complaint:

> First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013) (citation omitted).

The third step of the sequential evaluation requires this Court to consider the specific nature of the claims presented and to determine whether the facts pled to substantiate the claims are sufficient to show a "plausible claim for relief." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013). "While legal conclusions can provide the framework of a Complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 664.

This Court may not dismiss a Complaint merely because it appears unlikely or improbable that Plaintiff can prove the facts alleged or will ultimately prevail on the merits. *Twombly*, 550 U.S. at 563 n.8. Instead, this Court must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. *Id.* at 556. Generally speaking, a Complaint that provides adequate facts to establish "how, when, and where" will survive a Motion to Dismiss. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 212 (3d Cir. 2009).

In short, a Motion to Dismiss should not be granted if a party alleges facts, which could, if established at trial, entitle him/her to relief. *Twombly*, 550 U.S. at 563 n.8.

**II. Background**

The following facts are accepted by the Court as true solely for the purposes of deciding this Motion.

Plaintiff's Complaint alleges that she is a cocktail waitress for Defendant and has been working as such since February 1, 2010. Doc. no. 1, ¶ 7. On April 27, 2014, Plaintiff alleges that one of Defendant's customers put his hand down her shirt, placing a casino chip in her bra, and made contact with her breast in the process. Id., ¶ 9. Plaintiff alleges that she notified a supervisor of the incident, and ultimately, she was interviewed by the State Police. Id., ¶¶ 10-11. When asked by the police if she wanted to press charges against the customer, Plaintiff was told that the customer would be banned for life from the Casino. Id., ¶ 11. Plaintiff alleges that as a result of the promised lifetime ban, she declined to press charges. Id.

Plaintiff further alleged that the offending customer was a signature card member at the Casino and that several weeks after the incident occurred, Defendant lifted the lifetime ban against him and allowed him to return to the Casino. Id., ¶ 12. Plaintiff was not told that the ban had been lifted; rather, she came into contact with the customer while engaged in the course and scope of her employment as a cocktail waitress. Id., ¶ 14.

According to the Complaint, since the customer's return to the Casino, the customer, along with some of Plaintiff's co-workers have questioned whether the incident ever happened. Id., ¶ 13. Plaintiff also claims that she has been publicly ridiculed by the customer and his family members and friends about the incident. Id., ¶ 15. Thus, in addition to the alleged sexual assault to which Plaintiff was subjected, Plaintiff also claims that the ridicule she has endured constitutes additional sexual harassment. Id., ¶ 16-18.

The Casino purportedly has a zero tolerance policy for sexual harassment. Sexual assault as well as "sexual joking, vulgar or offensive conversations or jokes," all constitute a violation of the sexual harassment policy. Id., ¶ 18. Given Plaintiff's allegation, she alleges that Defendant is in violation of its own sexual harassment policy. Id., ¶ 19.

**III. Discussion**

The issue as framed by Defendant is: Whether the punishment meted out by the casino by banning the customer for finite time period (forty days) was severe enough to comply with its own sexual harassment policy? Plaintiff frames the issue in a slightly different manner by questioning: Whether the Casino's decision to lift the lifetime ban from the offender violated its sexual harassment policy?

The Court believes that the issue at this juncture of the proceedings is: Whether Plaintiff's Complaint has alleged plausible facts which raise a reasonable expectation that discovery will reveal evidence of the necessary elements of a Title VII sexual harassment claim, and which, if established at trial, will entitle her to relief.[1] After careful consideration, the Court finds that Plaintiff's Complaint does plead plausible facts, which, if borne out during discovery and proven at trial, could entitle Plaintiff to relief.

To establish a hostile work environment claim against an employer, a plaintiff must prove the following: "(1) the employee suffered intentional discrimination because of her sex, (2) the discrimination was pervasive and regular, (3) the discrimination detrimentally affected the plaintiff, (4) the discrimination would detrimentally affect a reasonable person of the same sex in that position, and (5) the existence of *respondeat superior* liability." *Brown-Baumbach v. B&B*

---

[1] As noted by both parties, the Complaint in this case alleges that Defendant subjected Plaintiff to a hostile work environment based upon the facts set forth in the "Discussion" portion of this Opinion. Id., ¶¶ 13- 20.

*Automotive, Inc.*, 437 Fed.Appx. 129, 132-33 (3d Cir. 2011) (footnote and citations omitted). The United States Court of Appeals for the Third Circuit further noted in *Brown-Baumbach* that although it had previously held that the discriminatory conduct had to be "pervasive *and* regular," as set forth in the second prong of the test, the United States Supreme Court required that the discriminatory conduct be "severe *or* pervasive." *Id*. at 133, n. 5. The Court of Appeals in *Brown-Baumbach* also commented that the "more objectionable the conduct, the less of it will suffice to be actionable; the more innocuous the conduct, the more is required to 'contaminate' the work environment. *Id.* (citations omitted).

Based upon these criteria, this Court must "consider the totality of the circumstances" as described in Plaintiff's Complaint. Thus, the Court must consider the frequency of the alleged discriminatory conduct; the severity of that conduct; whether the conduct physically threatens or humiliates, or is a mere offensive utterance; and whether it unreasonably interferes with the employee's work performance. *Id.* at 133. This Court also recognizes that not every sexual comment action or joke implicates Title VII liability. *Id*.

Here, the Plaintiff is alleging that a customer of her employer physically touched her in an inappropriate manner. Her employer took immediate action with respect to that customer by banning him from re-entering Plaintiff's workplace. However, the employer did permit this customer to return to Plaintiff's workplace and she since been allegedly subjected to his (and his family members' and/or friends') comments and ridicule. Plaintiff is claiming that these customers have created the hostile work environment and that her employer was and is aware that they are doing so. Therefore, per the Complaint, Defendant has – at a minimum, tacitly – permitted this to occur in violation of its own policies stating the contrary. [2]

---

[2] As set forth in 20 C.F.R. § 1604.11(e), "an employer may also be responsible for the acts of non-employees, with respect to sexual harassment of employees in the workplace, where the employer (or its

**IV. Conclusion**

At this juncture of the legal proceedings, Plaintiff's Complaint has adequately pled a cause of action for sexual harassment. Accordingly, the Court will deny Defendant's Motion to Dismiss the Complaint. An appropriate Order follows.

s/Arthur J. Schwab  
Arthur J. Schwab  
United States District Judge

cc: All Registered ECF Counsel and Parties

---

agents or supervisory employees) knows or should have known of the conduct and fails to take immediate and appropriate corrective action." Thus, this Court finds that Defendant here, solely based on the allegations set forth in Plaintiff's Complaint, knew or should have known of the discriminatory conduct allegedly created by Defendant's customer(s).