IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ALLYSON J. PELESKY,

    Plaintiff,                             14cv1542
                                             **ELECTRONICALLY FILED**
          v.

RIVERS CASINO AND HOLDINGS
ACQUISITION CO L.P. *a joint venture*
*Walton Street Capital, L.L.C. and High Pitt*
*Gaming, L.P.*,

    Defendant.

## ORDER OF COURT RE: PLAINTIFF'S MOTION TO COMPEL (DOC. NO. 24)

This case centers on a single count of Title VII sexual harassment, based upon Defendant's alleged inadequate response to the conduct of a casino patron towards Plaintiff, a cocktail server at the casino. Plaintiff moves this Court to compel Defendant to: (1) identify and produce any record or document of discrimination on the basis of sex or sexual harassment since it opened in 2009; and (2) conduct a more thorough email search to determine if additional emails exist that relate to the matters at issue or are otherwise discoverable. Doc. No. 24.

Defendant has complied with Plaintiff's request for production as to any "claim" or "charge" of sexual harassment. The Court notes that Defendant states that no sexual harassment complaints have been filed by the EEOC or PHRC during the applicable time period. Plaintiff moves the Court to order Defendant to produce any record or document related to any Team Member "complaint" of harassment. Production of information related to Team Member complaints to the casino about sex discrimination would not lead to the discovery of evidence that would be admissible in this case and would be unduly burdensome on Defendant. The

1

eventual key jury determination as to Defendant's liability will focus on what happened to Plaintiff and Defendant's resultant action; not what did or did not happen to other employees. Therefore, a request for production of complaints from other Team Members from 2009-present as to discrimination based on sex or sexual harassment is not reasonably calculated to lead to the discovery of admissible evidence. Fed.R.Evid. 26(b)(1).

Defendant's email production, including a follow-up search upon receipt of Plaintiff's Motion to Compel, comports with Defendant's Rule 26 obligations.

AND NOW, this 2nd day of April, 2015, IT IS HEREBY ORDERED THAT Plaintiff's Motion to Compel (Doc. No. 24) is **DENIED**.

> s/ Arthur J. Schwab
> Arthur J. Schwab
> United States District Judge

cc: All Registered ECF Counsel and Parties